UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

PETER DIXON,

                                        Plaintiff,

                                                            5:20-cv-381
v.                                                          (DNH/TWD)

THE CITY OF SYRACUSE, *et al.*,

                                        Defendants.

_____

APPEARANCES:

FRED LICHTMACHER, ESQ.
The Law Office of Fred Lichtmacher, PC
Counsel for Plaintiffs

MARY D'AGOSTINO, ESQ.
Hancock Estabrook, LLP
Counsel for Defendants

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## **ORDER**

        Presently before the Court in this action brought pursuant to 28 U.S.C. §1983 for, among

other claims, excessive force, false arrest, and municipal liability, are Defendants' letter request for

a conference to obtain a protective order concerning certain discovery and a letter request to redact

certain information submitted to the Court in connection with the request for a protective order.

(Dkt. Nos. 114, 115.)  Plaintiff and the Court received unredacted copies of Dkt. No. 114 to review

in preparation for the Court conference regarding Defendants' requests.  Plaintiff, at the direction of

the Court, submitted a response to Defendants' requests.  (Dkt. No. 119.)  Defendants submitted a

further letter (Dkt. No. 120) in support of their request for a protective order.  The Court held a

telephone conference with counsel on February 22, 2023, to address the issues.

After thoroughly reviewing the parties' submissions and considering the claims and

defenses, along with discovery principles as set forth in Fed. Rule Civ. P. 26(b) and ©), the parties'

arguments, and all of the discovery that has previously been conducted in this case, the Court grants

the request for a protective order, as limited herein, for the following reasons.

## I.    LEGAL STANDARD

Rule 26(b) of the Federal Rules of Civil Procedure sets forth the scope and limitations of

permissible discovery such that "parties may obtain discovery regarding any nonprivileged matter

that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed.

R. Civ. P. 26(b).

Pursuant to Federal Rule of Civil Procedure 26©), "[a] party or any person from whom

discovery is sought may move for a protective order in the court where the action is pending . . . ."

Fed. R. Civ. P. 26(c)(1).  The court may then, "for good cause, issue an order to protect a party or

person from annoyance, embarrassment, oppression, or undue burden or expense."  *Id.*  In such an

order, the court may, inter alia, forbid or specify limited terms for the disclosure or discovery and/or

prescribe a discovery method other than the method selected by the party seeking discovery.  *Id.*

26(c)(1)(A)-©)).  "The text of Rule 26©) is construed liberally to include a wide range of potential

harms not explicitly listed."  *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 73 (D. Conn. 2010)

(citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("The unique character of the

discovery process requires that the trial court have substantial latitude to fashion protective orders.")).

A court has broad discretion regarding whether to issue a protective order under Rule 26©). *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir.1992) ("[t]he grant and nature of protection is singularly within the discretion of the district court")(internal quotations and citation omitted). *See also In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) ("A district court has wide latitude to determine the scope of discovery ... [and] abuses its discretion only when the discovery is so limited as to affect a party's substantial rights.") (internal quotations and citations omitted), *cert. denied*, 555 U.S. 1218 (2009); *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir.1992)("[a] trial court enjoys wide discretion in its handling of pre-trial discovery").

However, a court may issue a protective order only after the moving party demonstrates that "good cause" exists for the protection of the material. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004). To establish "good cause" under Rule 26©), courts require a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Havens v. Metro. Life Ins. Co. (In re Akron Beacon Journal)*, No. 94 Civ. 1402(CSH), 1995 WL 234710, at * 10 (S.D.N.Y. April 20, 1995)(quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26©) test." *Havens*, 1995 WL 234710, at * 10. "If the moving party establishes good cause for protection, 'the court may balance the countervailing interests to determine whether to exercise discretion and grant the order.'" *Jerolimo v. Physicians*

3

*for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006) (quoting *Rofail v. United States*, 227 F.R.D. 53, 55 (E.D.N.Y. 2005)).

## II.   ANALYSIS

Here, Defendants request a protective order regarding the scope of Plaintiff's questioning of Defendant Police Officer Ahmed Mims ("Mims") at his deposition.  (Dkt. No. 114).  The event at the heart of this matter occurred on April 22, 2017.  Plaintiff's *Monell*[1] claims for municipal liability against Defendant City of Syracuse sound in failure to train and supervise its officers, and relate to events that occurred between 2012 and 2017.  (*See generally* Dkt. No. 12.)  Plaintiff apparently seeks to question Defendant Mims about events in his personal life that occurred in 2018, more than a year after the relevant time frame pertaining to Plaintiff's claims.  (Dkt. No. 114.)  Plaintiff argues these latter events are relevant to Defendant Mims' credibility.  (Dkt. No. 119.)  Some of these events involve alleged criminal conduct that did not result in charges and/or a conviction, nor were the alleged crimes related to fraud or dishonesty.  Mims was, however, convicted of two misdemeanors in 2019 for conduct that occurred in the summer of 2018, after the claims asserted herein.

Initially, the Court finds alleged criminal conduct or other uncharged behavior that occurred in Defendant Mims' personal life are not relevant.  Further, Defendants have articulated specific reasons showing that inquiry into the alleged uncharged conduct that occurred post the events of this action in Mims' personal life and did not result in criminal charges or convictions would be likely to

---

[1]      *Monell v. Dep't of Soc. servs.*, 436 U.S. 658 (1978).

cause embarrassment and annoyance to him.  As such, good cause has been shown for the issuance of a limited protective order.

In balancing the countervailing interests of the Plaintiff, however, the Court will permit inquiry into the 2018 conduct that did result in misdemeanor convictions.  Thus, Plaintiff may inquire about those convictions, and the conduct that led to those two misdemeanor convictions.

Turning to Defendants' letter request (Dkt. No. 115) to redact certain information related to the request for a protective order (Dkt. No. 114), the Court finds the documents requested to be redacted are judicial documents carrying a presumption of public access, which is strong since the records are submitted in support of a discovery motion before the Court.  However, in balancing the countervailing factors and considering the need to preserve higher values of privacy, the Court finds the requested redactions contain sensitive personal information which, if disclosed, would result in harm to Defendant Mims.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Accordingly, the letter request (Dkt. No. 115) to redact documents in Dkt. No. 114 is granted.

Accordingly, it is hereby,

**ORDERED**, that Defendants' request (Dkt. No. 114) for a protective order is **GRANTED**, in part, and **DENIED,** in part, as set forth above; and it is further

**ORDERED**, that Defendants' letter request (Dkt. No. 115) to file redacted documents in Dkt. No. 114 is **GRANTED**.

Dated: February 27, 2023
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

5